**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KRISTOPHER DUANE DUFFY,**

**Plaintiff,**

**v.** **Case No. 26-CV-396**

**WISCONSIN DEPT. OF CORRECTIONS,**
**and ALEX TORRES,**

**Defendants.**

---

## ORDER SCREENING THE COMPLAINT

---

On March 11, 2026, plaintiff Kristopher Duane Duffy, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without the prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

The court has jurisdiction to screen the complaint in light of Duffy's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Duffy was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 11, 2026, Duffy filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 25, 2026, the court issued an order requiring Duffy to pay an initial partial filing fee of $5.74 before April 24, 2026. (ECF No. 6.) On April 23, 2026, Duffy paid the fee. The court will grant Duffy's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Duffy was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious,"

that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Duffy's Allegations*

Duffy alleges that on September 11, 2025, he filed an inmate complaint against defendant Correctional Officer Alex Torres because Torres "had been telling other inmates that I was gay and spreading vulger [*sic*] rumors about me." (ECF No. 1 at 2.) The Institutional Complaint Examiner (ICE) failed to report the incident under the Prison Rape Elimination Act (PREA). (*Id.*) Duffy then reported the incident to his psychologist, but she did not do anything to prevent later incidents. (*Id.*)

On February 1, 2026, Duffy reported another incident to his psychologist, though Duffy does not describe what occurred. (ECF No. 1 at 3.) Duffy asserts that at some point after that, Torres brought his cellmate a toilet brush and stated to Duffy's cellmate, "you know your cellie is gay right? You could try to get some." (ECF No. 1 at 3.) Both Duffy and his cellmate reported the incident, and Duffy's unit manger told Duffy she would reprimand Torres. (*Id.* at 3-4.)

Three days after Duffy's conversation with his unit manager, on March 1, 2026, Duffy came back from recreation time and his cell was "destroyed" as a result of a cell search. (ECF No. 1 at 4.) Several property items were damaged, including headphones and Duffy's Bible. (*Id.*) Torres came to Duffy's cell and told him he had done the damage during the cell search because of the complaints Duffy filed against him. (*Id.*)

*Analysis*

Duffy claims that his constitutional rights were violated when Torres made comments about Duffy's sexuality and when Torres destroyed Duffy's property during a cell search in retaliation for complaining about Torres's comments. Regarding Torres's comments about Duffy's sexuality, "standing alone, simple verbal harassment does not constitute cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Verbal harassment rises to the level of cruel and unusual punishment where it incites psychological pain, such as a guard purposely telling an inmate with a headache that the doctor told him that the inmate had terminal brain cancer. *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). Generally, though "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners" and without evidence that staff is exploiting "an inmate's known psychological vulnerability to cause psychological anguish," verbal harassment does not rise to the level of a constitutional violation. (*Id.*)

Duffy does not allege experiencing anything amounting to the type of psychological pain required for verbal harassment to rise to the level of a constitutional violation. As such, he may not proceed on a sexual harassment claim against Torres.

However, Duffy does sufficiently allege a retaliation claim pursuant to the First Amendment. To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a

deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Duffy alleges that he engaged in protected activity because asserts that he filed a grievance against Torres, which is a protected activity. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Oral complaints about prison officials' actions are also protected under the First Amendment. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018.) Duffy further alleges that he suffered a deprivation likely to deter future protected activity by asserting that Torres purposely damaged his property. Duffy additionally alleges that Torres told him he purposely destroyed his property because Duffy complained about his actions. Duffy may proceed on a First Amendment retaliation claim against Torres.

Duffy may not proceed with claims against the Wisconsin Department of Corrections. Section 1983 also allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Wisconsin Department of Corrections is not a person, nor is it a separate legal entity that can be sued under § 1983. *See Louis v. Milwaukee County Jail*, No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July, 18 2017) (citing *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 N.D. Ill. 1993)).

**THEREFORE, IT IS ORDERED** that the Wisconsin Department of Corrections is **DISMISSED**.

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Alex Torres Under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Duffy's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Duffy shall collect from his institution trust account the $344.26 balance of the filing fee by collecting monthly payments from Duffy's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Duffy is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Duffy is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Duffy is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Duffy is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Duffy' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Duffy may find useful in prosecuting his case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 28th day of September, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge